**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

**REGIONS BANK D/B/A REGIONS**
**MORTGAGE,**

      **PLAINTIFF,**　　　　　　　　　　　**CIVIL ACTION NO. _____**

**v.**

**STEVE L. SWEAT, INTERNAL REVENUE**
**SERVICE, TENNESSEE DEPARTMENT**
**OF REVENUE, AND THE UNITED**
**STATES OF AMERICA,**

      **DEFENDANTS.**

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The above captioned plaintiff complains of the herein named defendants, stating as follows:

### I.　　JURISDICTION AND VENUE

1. The plaintiff predicates this Court's jurisdiction on the claims it makes herein against an agency and/or officer of the United States of America and the complete diversity of citizenship amongst the parties.

2. The object of the plaintiff's claims is certain property situated in this judicial district. Venue is thus proper in this district and division.

### II.　　PARTIES

3. The Plaintiff is Regions Bank d/b/a Regions Mortgage. Plaintiff may be served with all pleadings, discovery, or other communications related to the above styled and numbered cause through its undersigned counsel of record.

4. Defendant Steve L. Sweat is an individual and may be served with process at 103

23-005409

New Deal Road, Jackson, TN 38305.

5.      Defendant Internal Revenue Service may be served with process through the authorized agent at 7940 Kentucky Drive, Stop 2850F, Florence, KY 41042.

6.      Defendant Tennessee Department of Revenue may be served with process through the authorized agent at 500 Deaderick Street, Nashville, TN 37242.

7.      Defendant The United States of America may be served with process in accordance with Federal Rule of Civil Procedure 4(i).

### III.    BREACH OF CONTRACT

8.      On or about January 31, 2014, Defendant Steven L. Sweat (the "Grantor"), made, executed and delivered that one certain note, in writing, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Ex. No. 1** (the "Note").

9.      On or about January 31, 2014, Steven L. Sweat made, executed and delivered that one certain Deed of Trust to secure the Note with the Property described thereon (the "Property), a true and correct copy of which along with any related instruments and modifications thereof, if any, are attached hereto and incorporated herein for all purposes as **Plaintiff's Ex. No. 2** (the "Mortgage"). Property is described with particularity on the Deed of Trust. By executing the Deed of Trust, such Grantors granted a lien on and recourse to the Property for breach thereunder.

10.     Plaintiff is the assignee of the Deed of Trust under those certain assignments, true and correct copies of which are attached hereto and incorporated herein for all purposes with **Plaintiff's Ex. No. 2**.

23-005409

11.     The obligation evidenced by the Note and Deed of Trust will sometimes hereinafter be referred to as the "Loan."

12.     Plaintiff has fulfilled its obligations as required by the Loan described above and there has been a default under the terms of the Loan due to a failure to make the payment due on or about September 1, 2025, and all subsequent payments. To Plaintiff's detriment, the Grantors have failed and refused to pay amounts that have come due under the Loan.

13.     Plaintiff duly notified all parties so entitled of said default under the Loan and its intent to accelerate the indebtedness via letter, a true and correct copy or copies of which describing said default with particularity is or are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 3** (the "Notice of Default"). Said default persists.

14.     The continued breach under the Loan has directly and proximately caused damage to Plaintiff in that amount due to Plaintiff remains unpaid, and in that Plaintiff is incurring fees and expenses to enforce its rights under the Loan and protect its interest in the Property. Plaintiff therefore declares the entire balance owed under the Loan due and payable. Plaintiff's records reflect that the entire balance due and payable under the Loan, and secured under the Deed of Trust, as of March 31, 2026, is at least $173,097.36.

15.     The terms of the Loan require that it be repaid in installments. Such promise was breached to the detriment of Plaintiff. Plaintiff is thus entitled to judgment for all amounts due under the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs and post-judgment interest) to be charged to the Property, and judgment for judicial foreclosure upon the liens against the Property securing such amount.

## V.     TITLE INTEREST DEFENDANTS

23-005409

16.     Defendant Tennessee Department of Revenue claims an interest in the Property under those certain instruments, true and correct copies of which are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 4.**

17.     Defendant Internal Revenue Service claims an interest in the Property under those certain instruments, true and correct copies of which are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 5.**

18.     Defendant The United States of America through its officer The Secretary of Housing and Urban Development claims an interest in the Property under those certain instruments, true and correct copies of which are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 6**. "[T]he United States of America through its officer The Secretary of Housing and Urban Development may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real property on which the United States has or claims a mortgage or other lien." 28 U.S.C. 2410(a). Section 2410 both creates a right of action and waives sovereign immunity. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). The United States of America through its officer The Secretary of Housing and Urban Development's interest in the Property is subject to and/or inferior to Plaintiff's interest in the Property under the Deed of Trust. Plaintiff thus seeks judgment as to The United States of America through its officer The Secretary of Housing and Urban Development that its interest in the Property under said instruments be extinguished via the herein sought judicial foreclosure sale, subject of course to the right to surplus proceeds and the right to otherwise enforce said instruments.

19.     Defendant The United States of America through its officer The Secretary of

23-005409

Housing and Urban Development claims an interest in the Property under those certain instruments, true and correct copies of which are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 7**. "[T]he United States of America through its officer The Secretary of Housing and Urban Development may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real property on which the United States has or claims a mortgage or other lien." 28 U.S.C. 2410(a). Section 2410 both creates a right of action and waives sovereign immunity. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). The United States of America through its officer The Secretary of Housing and Urban Development's interest in the Property is subject to and/or inferior to Plaintiff's interest in the Property under the Deed of Trust. Plaintiff thus seeks judgment as to The United States of America through its officer The Secretary of Housing and Urban Development that its interest in the Property under said instruments be extinguished via the herein sought judicial foreclosure sale, subject of course to the right to surplus proceeds and the right to otherwise enforce said instruments.

### VI.    ATTORNEYS' FEES

20.    Pursuant to the terms of the Loan, Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in prosecuting this action. Plaintiff seeks to recover its reasonable and necessary attorneys' fees and costs of Court, to be charged to the Property.

### PRAYER

WHEREFORE, Plaintiff requests that the defendants named herein be cited to appear and answer herein, and that Plaintiff have and recover a judgment for the amounts owed to it under the loan and for attorneys' fees and costs of Court to be charged to the Property, as well as

23-005409

judicial foreclosure of the Property. Plaintiff prays for any such further relief to which it may be entitled.

Respectfully Submitted,
**PADGETT LAW GROUP**

  /S/Zachary B. Johnson
Zachary B. Johnson TNBPR 036314
5100 Poplar Avenue, Suite 2208
Memphis, TN 38137
Zach.Johnson@padgettlawgroup.com
(850) 422-2520 Telephone
(850) 422-2567 Facsimile
***Counsel for the Plaintiff***

23-005409